John Brosnan
2101 Pear Street, #1
Pinole, CA 94564
John5@boxofemail.com
510-350-6542

FILED
CLERK, U.S. DISTRICT COURT
06/04/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

YALINDA ROBINSON, individually and on behalf of all others similar situated,

Plaintiffs,

v.

RB HEALTH (US) LLC., a Delaware limited liability company; and DOES 1 through 50, inclusive,.

Defendants.

_______________________________________/

Case No. 26-CV-04765

NOTICE OF MOTION AND MOTION FOR JOINDER

Date: 06/26/26 Time:10am Courtroom: 540

Notice of Motion and Motion for Joinder. On 06/26/26 John Brosnan ("Brosnan") will ask this court to allow Brosnan to join this action because the issues raised in the action affect him.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Black's Law Dictionary, defines fraud as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment". It involves intentional deceit designed to deprive someone of property or a legal right for personal or financial gain.

2. Defendants lied to Brosnan about the contents of Airborne Vitamin C 1,000 mg Very Berry Chewable Tablets ("TABLETS") to get Brosnan to buy TABLETS as he did. But for the fact that Defendants lied to Brosnan he would not have bought TABLETS. Defendants stole from Brosnan.

3. Pursuant to Federal Rule of Civil Procedure 20, Prospective Plaintiff Brosnan, respectfully asks to join as a plaintiff in this case, and ask for relief.

4. F.R.C.P. 20 Permits Joinder of Additional Plaintiffs. Rule 20 is titled "Permissive Joinder of Parties," and provides in pertinent part: (a) Persons Who May Join or Be Joined. Plaintiffs. Persons may join in one action as plaintiffs if: they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action. Brosnan's claims against Defendants arise from the same issues raised by existing plaintiffs.

5. Defendants have defrauded hundreds of thousands of people and Brosnan.

6. Defendants, via their lies about TABLETS have stolen money from may people and Brosnan.

7. Had Brosnan known the truth about TABLETS he would not have bought TABLETS

8. Defendants should refund all money they got from sale of TABLETS.

9. Disgorgement is a legal remedy that forces companies to give up money obtained through illegal or unethical acts like Defendants did by lying.

10. A "pattern and practice" of business fraud refers to widespread, systemic, and repeated deceptive actions by an organization, rather than isolated or accidental mistakes. This systematic deception targets consumers. Defendants knew what was in TABLETS and lied so they could steal.

11. In furtherance of the scheme to defraud, Defendants do not tell everyone of their fraud.

12. Brosnan will seek an order compelling Defendants to tell all customers of Defendants and tell them how to join this class action lawsuit.

13. The "unclean hands" doctrine dictates that a party who has engaged in unethical, fraudulent, or bad-faith behavior cannot ask a court for help. Simply put: if you want justice, your own actions must be fair. Defendants were not fair to Brosnan and hundred of thousands of people.

**JOINDER IS PROPER IN THIS DISTRICT**

14. In this District, moving pursuant to F.R.C.P. 20 is the appropriate method for joinder. In Breen v. Chao, No. CV 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018), several prospective plaintiffs sought to join an existing complaint, nearly two years after that defendant had answered, by filing a motion under F.R.C.P. 20.2 The court observed that it "has discretion in determining whether to permit the prospective plaintiffs to join this case, so long as it does so 'on just terms' and in accordance with Rule 20 governing permissive joinder." Id. at *9. Accordingly, this Court has discretion to determine whether Brosnan can join the complaint "on just terms," which should include assessing any "potential for prejudice to any party or undue delay."Defendants not Prejudiced by Brosnan Joinder.

15. Brosnan's Motion for Joinder should be granted as it would serve the interests of justice. Defendants will suffer no prejudice. Joinder of Brosnan will not cause delay in this litigation.

**CONCLUSION**

1. Brosnan's Motion for Joinder should be granted as it would serve the interests of justice. Defendants will suffer no prejudice. Joinder of Brosnan will not cause delay in this litigation

Dated: 06/04/26 (John Brosnai ___________

**2. Meet and Confer Declaration**

I John Brosnan declare that on 06/04/26, I sent an email to david@davidbaldwinlaw.com in with this motion. I declare under penalty of perjury te foregoing ius true.

Dated: 06/04/26 (John Brosnan) ___________

**Proof Service**

Case No. Case No. 26-CV-04765 RE NOTICE OF MOTION AND MOTION FOR JOINDER
Date: 06/26/26 Time:10am Courtroom: 540

On 06/04/26 NOTICE OF MOTION AND MOTION FOR JOINDER was served via email to david@davidbaldwinlaw.com.

I John Brosnan declare the foregoing is true under penalty of perjury.

Date: 06/04/26 (John Brosnan) ____________________