Levi M. Plesset (SBN 296039)
LAW OFFICE OF LEVI M. PLESSET
P.O. Box 1248
Haiku, Hawaii 96708
Telephone: (510) 499-7100
Email: levi@plessetlaw.com

David A. Baldwin (SBN 301970)
LAW OFFICE OF DAVID BALDWIN
333 S. Grand Avenue, Suite 3310, 33rd Floor
Los Angeles, California 90071
Telephone: (323) 595-3989
Facsimile: (323) 417-5176
Email: david@davidbaldwinlaw.com

Attorneys for Plaintiff YALINDA ROBINSON,
and all others similarly situated

**UNITED STATES DISTRICT COURT**
**THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YALINDA ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RB HEALTH (US) LLC., a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-04765-AS<br><br>**PLAINTIFF'S OPPOSITION TO NON-PARTY JOHN BROSNAN'S MOTION FOR JOINDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Assigned to the Hon. Alka Sagar, United States Magistrate Judge] |

## I. INTRODUCTION

Non-party John Brosnan, proceeding pro se, moves under Federal Rule of Civil Procedure 20 to insert himself as a named plaintiff in this putative class action. The Motion should be denied. By his own allegations, Brosnan is at most a member of the putative Class that Plaintiff already

seeks to represent, so his interests are protected without joinder. Even if Rule 20's threshold requirements were satisfied, joinder is committed to the Court's sound discretion, which should be exercised to deny it: Brosnan does not allege that he purchased the Product within the class period; the only address he provides is a United States post office outside this District, not a residence; and his Motion is procedurally and structurally deficient.

## II. RELEVANT BACKGROUND

On May 2, 2026, Plaintiff Yalinda Robinson filed a class action complaint against Defendant RB Health (US) LLC alleging violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.), False Advertising Law (Bus. & Prof. Code § 17500 et seq.), and Consumers Legal Remedies Act (Civ. Code § 1750 et seq.). Plaintiff seeks to represent a class defined as "All persons in California who purchased the Products in California during the class period". On May 29, 2026, the parties stipulated to extend Defendant's deadline to respond to the Complaint to July 2, 2026. Defendant has not yet responded to the Complaint, and no motion for class certification has been filed.

On June 4, 2026, Brosnan filed the instant Motion for Joinder under Rule 20, seeking to be added as a plaintiff, yet filed as a Defendant DOE. Brosnan alleges that he purchased "Airborne Vitamin C 1,000 mg Very Berry Chewable Tablets", one of the Products at issue, and that Defendant deceived him about the product. He does not allege when or where he purchased the product. The Motion lists Brosnan's address as 2101 Pear Street, #1, Pinole, California 94564 – the address of the United States Post Office in Pinole, in Contra Costa County. On June 15, 2026, the Court ordered the parties to respond to the Motion by June 22, 2026, vacated the June 26, 2026, hearing, and took the Motion under submission.

## III. ARGUMENT

A. Brosnan Is Already a Putative Class Member Whose Interests Are Represented, and

Joinder Is Unnecessary.

Brosnan's Motion is premised on his having purchased the same Product at issue in this action. If so, he is at most a putative member of the very Class that Plaintiff already seeks to represent: "All persons in California who purchased the Products in California for personal and household use." As a putative class member, Brosnan's interests are already represented by Plaintiff and her counsel. If a class is certified, Brosnan will be included and bound without joining as a named party, if it is not, he remains free to pursue his own individual remedies. Permissive joinder thus serves no purpose here and would add only complication.

B. Even if Rule 20(a) Were Satisfied, the Court Should Exercise Its Discretion to Deny Joinder.

Rule 20(a)(1) permits joinder of plaintiffs only where they assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and a question of law or fact common to all plaintiffs will arise. Even when those requirements are met, however, permissive joinder rests within the sound discretion of the district court, which weighs such factors as the potential prejudice to the parties, undue delay, the movant's motive, and whether joinder comports with principles of fundamental fairness. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Tellingly, the only authority Brosnan cites *Breen v. Chao*, No. CV 05-0654 (PLF), 2018 WL 1509077 (D.D.C. Mar. 27, 2018), a non-binding decision from the District of Columbia confirms that joinder may be permitted only "on just terms" and recognizes the court's discretion to deny it to avoid prejudice or undue delay.

Those factors favor denial. This case is at its threshold. Defendant's response to the Complaint is not due until July 2, 2026, and no class certification motion has been filed. Adding a new named plaintiff now would complicate the pleadings and the eventual class certification inquiry, including the adequacy and typicality of representation, and would risk delay, all without

benefit, because Brosnan's interests are already represented.

Brosnan's own submission confirms the point. He does not allege that he purchased the Product within the class period within the applicable limitations period, thus he has not shown a timely, qualifying claim that shares common questions with Plaintiffs'. Nor does he allege where he purchased the Product, though the Class is limited to purchases "in California." And the only address Brosnan provides is not a residence at all – it is the United States Post Office in Pinole, California, which lies in Contra Costa County within the Northern District of California. See 28 U.S.C. § 84(a). A movant who supplies an out of district post office address, and who does not say when or where he purchased the Product, gives the Court no basis to conclude that adding him would promote convenience, judicial economy, or fundamental fairness.

C. The Motion Is Procedurally and Structurally Deficient.

Brosnan did not satisfy the meet and confer requirement of Local Rule 7-3. His "Meet and Confer Declaration" states only that he emailed his motion to Plaintiff's counsel on the same day he signed it. That is not a pre-filing conference. The required conference must occur at least seven days before the motion is filed, and email alone does not suffice. C.D. Cal. L.R. 7-3. The Motion is further deficient because it rests entirely on a single out of district decision – which Brosnan mislabels as authority "in this District" and otherwise offers only conclusory assertions that Rule 20's requirements are met.

The Motion is also structurally incoherent. The only fictitiously named parties in this action are the Doe defendants, "DOES 1 through 50, inclusive". These placeholders reserved for unidentified defendants. A person who wishes to prosecute claims as a plaintiff cannot be brought into the case through a Doe designation, which marks a *defendant*, not a *plaintiff*, thus Brosnan may not seek joinder by way of assertion that he is a "Doe" as provided in the putative class Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny non-party John Brosnan's Motion for Joinder.

Dated: June 22, 2026

**LAW OFFICE OF DAVID BALDWIN**

By: /David A. Baldwin/
David A. Baldwin

Attorney for Plaintiff
and the Proposed Class

Dated: June 22, 2026

**LAW OFFICE OF LEVI M. PLESSET**

By: /Levi M. Plesset/
Levi M. Plesset

Attorney for Plaintiff
and the Proposed Class