David A. Baldwin (SBN 301970)
**LAW OFFICE OF DAVID BALDWIN**
333 S. Grand Ave., Suite 3310
Los Angeles, CA 90071
Telephone: (323) 595-3989
Facsimile: (323) 417-5176
david@davidbaldwinlaw.com

Levi M. Plesset (SBN 296039)
**LAW OFFICE OF LEVI PLESSET**
770 Haiku Rd., P.O. Box 1248
Haiku, HI 96708
Tel: (510) 499-7100
levi@plessetlaw.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YALINDA ROBINSON, on behalf of herself and all others similarly situated and the public,<br><br>Plaintiffs,<br><br>vs.<br><br>RB HEALTH (US) LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:** 2:26-CV-04765-AS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: October 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 540<br>Judge: Hon. Alka Sagar |

## INTRODUCTION

Defendant's Motion To Dismiss opposes a complaint that Plaintiff does not make. Defendant's Motion is premised on the understanding that the gravamen of Plaintiff's Complaint arises from her (unreasonable) interpretation regarding the proper recommended dosage or serving

size of the Vitamin C supplement in its products. Plaintiff's Complaint, however, arises from the simple contention that she did not get what she paid for: she bought a bottle of Vitamin C labeled as 1,000mg with 64 tablets, reasonably understanding that she was purchasing 64,000mg of Vitamin C. In reality, the bottle only contains 16,000mg. Defendant now argues that Plaintiff mistakenly and unreasonably "*interpreted* [the statements of milligram content and number of tablets] to mean that the proper dosage was a single tablet." (Motion To Dismiss ("MTD"), 9:16-17.) This is a curious argument, as Defendant's product label does not identify that the 1,000mg of Vitamin C on the front of the packaging is a per serving amount. Instead, Defendant requires consumers to assume that any milligram claim on the packaging refers to a per serving amount and thus any reasonable consumer could not be deceived regarding the total contents of the labeled supplement in the bottle. Plaintiff and the putative class submit that their expectation of the contents of the bottle based upon its labeling is patently reasonable and Defendant's assumption is not. References to the number of tablets needed to amount to the serving size of 1,000mg of Vitamin C elsewhere on the bottle is simply irrelevant to the deception that takes place at the time of purchase.[1]

Further, the CLRA, FAL, and UCL causes of action and the prayer for both legal and equitable remedies are supported by the allegations set forth in Plaintiff's First Amended Complaint ("FAC") and California jurisprudence. Plaintiff and the putative class respectfully request that this Court deny Defendant's Motion in its entirety.

## ARGUMENT

### 1. Standard Of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint generally need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

[1] In fact, the Ninth Circuit has ruled on this specific type of supplement labeling, calling it fraud, since a consumer is not "required, as a matter of law, to cross-reference statements on product's label against information found in small print elsewhere on the product." (See *Walters v. Vitamin Shoppe Ind.* (9th Cir. 2018) 701 Fed. Appx. 667, 670.)

(Fed. R. Civ. P. 8(a)(2).) "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the… claim is and the grounds on which it rests.'" (*Erickson v. Pardus* (2007) 551 U.S. 89, 93 (quoting *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 (internal quotations omitted).) Thus, a plaintiff is only required to plead "enough facts to state a claim to relief that is plausible on its face." (*Twombly*, 550 U.S. at 570.) A complaint survives if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). All well-pleaded factual allegations are accepted as true and all reasonable inferences drawn in Plaintiff's favor.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. (*Erickson*, 551 U.S. at 94.) Motions to dismiss are generally viewed with disfavor and are ***rarely granted***. (*Gilligan v. Jamco Dev. Corp*. (9th Cir. 1997) 108 F.3d 246, 249 (emphasis added).) "[I]t is only the extraordinary case in which dismissal is proper" under Rule 12(b)(6). (*United States v. City of Redwood City* (9th Cir. 1981) 640 F.2d 963, 966.) If dismissal of the complaint is warranted, it is generally *without* prejudice, unless it is clear that the complaint cannot be saved by any amendment. (*In re Daou Sys., Inc*. (9th Cir. 2005) 411 F.3d 1006, 1013.)

Additionally, under California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and California's Consumer Legal Remedies Act ("CLRA"), "[t]he question of whether a business practice is deceptive in most cases presents a question of fact not amendable to resolution on a motion to dismiss." (*Pelayo v. Nestle USA, Inc.* (C.D. Cal. 2013) 989 F.Supp.2d 973, 978.) Indeed, "[i]t is a rare situation in which a motion to dismiss can be granted on where the claims turn on deception." (*Williams v. Gerber Prods. Co.* (9th Cir. 2008) 552 F.3d 934, 938-39.)

**2. Reasonable Consumers Are Deceived By Defendant's Labeling And Marketing.**

Firstly, "California courts… have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss. Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on [a motion to dismiss]." (*Yumul v. Smart Balance, Inc.* (C.D. Cal. 2010) 733 F.Supp.2d 1117, 1125-26, internal citations and quotations omitted.)

Defendant insists that "a consumer reviewing the front of the package would not simply assume that the statements 'Vitamin C 1000mg' and '64 Chewable Tablets' on the Product's front panel should be construed to mean that each individual tablet contains 1000mg of Vitamin C" based on "Plaintiff's attempt to cobble these words together to mean that the Product promises a serving size of one tablet. . ." (MTD, 18:4-8.) Further, defendant asserts that "the Product is not sold on store shelves in a bottle" (MTD, 11:14-15), but no declaration supports that statement. Again, the deception to reasonable consumers is Defendant's failure to identify the 1000mg representation as a per serving amount that requires four tablets to achieve. Defendant now attempts to obfuscate this failure by imposing a duty upon its consumers to assume that the milligram representation is a recommended dosage instead of a representation of the contents of the bottle. Respectfully, this is an extraordinarily difficult position to maintain. The front of the package, according to Defendant's pictures of the box at the point of sale as represented at the bottom of page 11 of Defendant's Motion, includes the following words: very berry natural flavor; more immune support ingredients; Airborne immune support; 7 key nutrients for immune support; vitamin C 1000mg + Vitamin D + Zinc + Vitamins A + E + Selenium + Manganese; dietary supplement; 64 chewable tablets." To argue that these words clearly and unambiguously convey a supplement's recommended serving size and not the contents of the package simply strains credulity. To submit that Plaintiff's reading of Defendant's labeling is based on a "fanciful interpretation" (MTD, 16:5-6) is similarly not credible.

To analogize Plaintiff's purported unreasonable, strained, and unique interpretation of their supplement label, Defendant points us to *Ebner v. Fresh, Inc.* (9th Cir. 2016) 838 F.3d 958, 965. (MTD, 15:12-16:28.) In *Ebner*, Plaintiff submitted that she was deceived by the quantity of lip balm in the product because it was labeled with a specific net weight, but because of the design of the lip balm tube, only approximately seventy-five percent of the lip balm was accessible to a purchaser. (*Ebner,* 838 F.3d at 962.) In essence, Ebner complained that defendant tortiously omitted a clarifying statement that only a fraction of the net weight was usable by a consumer based on the design of the tube applicator. (*Id.* at 964.) The Court of Appeal held that Ebner's deception was unreasonable, because a reasonable consumer understands the general mechanics of the dispenser tubes; that some product may be left in the tube; and it's up to the consumer to extract the remaining product with a finger or small tool. (*Id.* at 965-66.) "A rational consumer would not simply assume that the tube contains no further product when he or she can plainly see [further product]." (*Id.* at 966.)

While potentially elucidating in slack fill or other factually related cases, *Ebner* does little to illustrate the reasonableness of Plaintiff's deception in this matter. Last year, however, the Central District of California examined the reasonableness of a plaintiff's deception in an almost identical case, and held that a reasonable consumer could very well believe that each tablet contains the supplement quantity labeled on the front of the bottle. In *Barrales v. New Chapter, Inc.* (C.D. Cal. June 4, 2025) 2:25-cv-01171-HDV-KES, the front of the supplement bottle read "Organic Fiber Gummies" and then "With 4 Prebiotic Fiber." (*Barrales v. New Chapter, Inc.* (2025) U.S. Dist. LEXIS 106396, *2.) "Based on the label of the Fiber Gummies, Plaintiff believed that each gummy contained four grams of fiber. In fact, the Fiber Gummies contained four grams of fiber *per serving* (defined as two gummies)., *i.e.,* each gummy contained only two grams of fiber." (*Ibid*., internal citations omitted, emphasis in original.) In analyzing the "reasonable consumer" standard, the Court explained that "[t]hese kinds of claims are seldom

susceptible to dismissal at the pleading stage; appropriate only when 'the advertisement itself makes it impossible for the plaintiff to prove that a reasonable consumer is likely to be deceived." (*Barrales,* U.S. Dist. LEXIS 106369 at *14, quoting *Whiteside v. Kimberly Clark Corp.* (9th Cir. 2024) 108 F.4th 771, 777.) The Court overruled defendant's motion to dismiss, reasoning "[h]ere, a reasonable consumer could very well read the words "organic fiber gummies" immediately underlined with the words "with 4 g[rams] prebiotic fiber" and believe—as Plaintiff alleges to have believed—that each gummy contains four grams of fiber. Contrary to Defendant's argument, this misperception does not require any additional words to be implicitly projected by a consumer onto the label. To the contrary, it is plausibly an unambiguous interpretation of the label based solely on the language used." (*Barrales,* U.S. Dist. LEXIS 106369 at *14-15.)

Defendant further argues that the language provided on panels other than the front of the product render Plaintiff's deception unreasonable. Defendant cites to *McGinity v. The Procter & Gamble Co.* (9th Cir. 2023) 69 F.4th 1093, 1099 for the proposition that "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label" and *Bryan v. Del Monte Foods* (9th Cir. Nov. 22. 2024) No. 23-3685, 2024 U.S. App. LEXIS 29809, at *3 for "affirming dismissal where 'the back label accurately and clearly discloses several synthetic ingredients about which Plaintiff complains." (MTD, 18:18-24.) The Central District, in *Barrales*, also examined this argument, and responded, "Defendant's second-line argument—that reasonable consumers would look at the back of the labels to clear up any misunderstanding—fares no better. For purposes of an initial pleading challenge, a reasonable consumer need only inspect the back label if the front is ambiguous. The Ninth Circuit recently addressed ambiguity vis-à-vis the 'front-back dichotomy' of labels and decided on a less restrictive approach, finding that a front label is unambiguous for purposes of Rule 12(b)(6) analysis if a plaintiff has 'plausibly alleged that a reasonable consumer would view the label as having one unambiguous (and deceptive) meaning.' As explained above, Plaintiff

here has plausibly alleged that the front label 'conveys a concrete and unambiguous meaning to a reasonable consumer' that one gummy contains 4 grams of fiber. That is sufficient; no back label analysis required." (*Barrales,* U.S. Dist. LEXIS 106369 at *15, internal citations omitted.) Here, because Plaintiff has plausibly alleged that her reading of 1,000mg and 64 tablets is unambiguous and deceptive, no back label analysis is required.

**3. Plaintiff's FAC Supports A Claim Under The Unlawful Prong Of The UCL.**

Defendant concedes that if this Court holds that Plaintiff's deception passes the "reasonable consumer" standard pursuant to the CLRA, FAL, and Health and Safety Code section 110390, then Plaintiff and the putative class have adequately alleged a violation of the unlawful prong of the Unfair Competition Act. (MTD, 21:18-20, 23:8-15.)

Further, Plaintiff has, in fact, alleged a number of statutory violations that satisfy the unlawful prong of the UCL. As examples, Plaintiff asserts violations of Health & Safety Code section 110390 and Civil Code sections 1709 through 1711. (FAC, ¶ 65.) Defendant submits, however, that Plaintiff and the putative class have not adequately identified the elements of these statutory violations and thus fails the federal pleading requirements of *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 and its progeny.

Health And Safety Code section 110390 provides that it is "unlawful for any person to disseminate any false advertisement of any food, drug, device, or cosmetic. An advertisement is false if it is false or misleading in any particular." Similarly, California Civil Code section 1709 reads "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers;" section 1710 reads "[a] deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. the assertion, as s fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to

mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it;" and, section 1711 reads "[o]ne who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

Plaintiff's FAC asserts, inter alia, that "Defendant intentionally, prominently, and uniformly placed on the Products' labels and packaging with the intent to induce average consumers into purchasing them" (FAC, ¶ 27); "Plaintiff paid more for the products, and would only have been willing to pay less or unwilling to purchase them at all, absent the false and misleading labeling statements" (FAC, ¶ 29); "[t]he senior offices and directors of Defendant allowed the Products to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading" (FAC, ¶ 35); that Defendant "knowingly and intentionally conceal[ed] from Plaintiff and the other Class members that each unit of the Products did not contain the advertised dosage" (FAC, ¶ 65); that Defendant "suppress[ed] material information about the Products" (FAC, ¶ 65); that "Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers" (FAC, ¶ 71); and, lastly, that "Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members" (FAC, ¶ 75).

Accordingly, Plaintiff has alleged the facts supporting the enumerated statutory violations. While defendant insists that the Civil Code sections 1709 through 1711 require a plaintiff to allege that a defendant intended to commit fraud (MTD, 22:3-15), as aptly put by the Central District of California when analyzing whether a plaintiff had alleged fraud (intentional misrepresentation), "[t]hat is all that is required at the pleading stage. The complaint adequately alleges intentional misrepresentation. It alleges that the packaging of the products. . . is false and misleading. . . that defendant knew that its packaging was false and misleading; that defendant intended to induce consumers to purchase the product at a premium price; that plaintiff and the putative class

members justifiably relied on the packaging. . . and that plaintiff and the putative class were damaged."[2] (*Barrales,* U.S. Dist. LEXIS 106369 at *18-19.)

**4. Plaintiff May Represent A Class Of Purchasers Of Substantially Similar Product Sold By Defendant.**

Plaintiff enumerates the offending products, the purchasers of which Plaintiff seeks to represent, including Airborne Vitamin C 1,000 mg Zesty Orange Chewable Tablets; Airborne Immune Support Gummies (750 mg Vitamin C); Airborne Vitamin C + Zinc Gummies; Airborne Elderberry + Zinc + Vitamin C Gummies; and Airborne Triple Action Immune Support Effervescent Tablets (FAC, ¶ 1), and explains and defines how the offending products are substantially similar: "as they each contain a dosage representation conspicuously and prominently placed on the primary display panel of the Products' front labels, and require consumption of more than one (1) chewable tablet, gummy, or effervescent tablet to obtain the advertised dosage of Vitamin C or active supplement" (FAC, ¶ 36), and "[t]he misleading advertising on the Products' front labels are all the same: consumers are led to believe that each chewable tablet, gummy, or effervescent tablet contains the advertised dosage amount; however, the Products only contain a fraction of the amount of Vitamin C or supplement advertised. Consumers therefore only receive a fraction of the amount of Vitamin C or supplement promised and pay more than what the Products would be worth had Defendant's advertising be true" (FAC, ¶ 37).

Defendant submits, however, that Plaintiff's allegations regarding the other products and their similarity are insufficient "mere conclusions [and] not entitled to any presumption of truth." (MTD, 25:3-13.)

---

[2] Under the same facts as the instant case, on Defendant's Motion To Dismiss, the *Barrales* court upheld Plaintiff's causes of action for violations of the UCL, CLRA, FAL, intentional misrepresentation, negligent misrepresentation, breach of express and implied warranties, and unjust enrichment/quasi-contract—in addition to her prayer for punitive damages and injunctive relief.

As Defendant well knows, the Central District of California has adopted the prevailing view and accepted substantial similarity in the standing context. Here, just as the Court explained in *Barrales,* "the Probiotic, Vitamin B12, and Berberine Gummies, i.e., the products not purchased—are substantially similar to the Fiber and Kids Gummies purchased by the Plaintiff. They are all packaged products made up of units advertised to contain a particular amount of a dietary supplement. The misrepresentations alleged are likewise substantially similar, at least for one of the purchased products: Plaintiff alleges that the Fiber Gummies, Probiotic Gummies, B12 Gummies, and Berberine Tablets all make affirmative representations on the front of their labels regarding the nutrient contract of each unit in the package. The differences in the particular nutrient are immaterial to the claim or injury, and they can otherwise be raised at the class certification stage." (*Barrales,* U.S. Dist. LEXIS 106369 at *9.) Should the Court require more specificity, Plaintiff requests leave to amend to add label images and front-panel text for each Product.

**5. Plaintiff And The Putative Class Are Entitled To The Requested Remedies.**

For Article III standing to seek injunctive relief, "a plaintiff must show a sufficient likelihood that he will again be wronged in a similar way." (*Davidson v. Kimberly-Clark Corp.* (9th Cir. 2018) 889 F.3d 956, 967.)

Plaintiff explains that she "continues to be a consumer of immune support supplements, purchasing them at both retail and online locations." (FAC, ¶ 32.) She explains that she "seeks injunctive relief as she will be unable to rely on the Products' labeling and advertising in the future and thus will not purchase the Products although she would like to." (*Ibid.*) "Plaintiff will be unable to verify the veracity of the labeling and advertising upon purchase, particularly as to online purchases where Supplement Facts are not provided. Further, Plaintiff and the putative class are entitled to rely on Defendant's statements even if they previously learned that some of those statements were false or deceptive." (*Ibid.*)

Indeed, the *Davidson v. Kimberly-Clark Corp* (9th Cir. 2018) 889 F.3d 959 Court cited by Defendant[3] held that "[k]knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." (*Davidson*, 889 F.3d at 969-70.) A cursory Google search of Defendant's Vitamin C supplement product at issue here reveals label changes before and after Plaintiff's purchase thereof. Thus Plaintiff's inability to rely on the labeling in the future is tangible. Moreover, Defendant markets and sells its supplement products via a wide variety of online retailers—many of which do not include the Supplement Facts or side panels alerting consumers of the per serving caveat on their sites at the point of sale.[4] The public policy foundation for the remedy of injunctive relief under the UCL and FAL "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." (*McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 951.) Here, injunctive relief is entirely appropriate to protect Plaintiff and the general public from Defendant's deceptive labeling. Moreover, a Motion To Dismiss pursuant to FRCP 12(b)(1) (defense for lack of subject matter jurisdiction) and 12(b)(6) (defense for failure to state a claim upon which relief can be granted) is not a proper vehicle to challenge a plaintiff's prayer for

[3] See MTD, 25:22-23.

[4] As an example, Walmart.com sells Defendant's berry Vitamin C chewable tablets but presents to the online consumer different product images—one product label includes a milligram representation on the front and one that does not. Thus, in this example, even if the retailer includes the Supplement Facts, a consumer has no idea as to what product the Supplement Facts refers. *See* https://www.walmart.com/ip/Airborne-Berry-Chewable-Tablets-1000mg-of-Vitamin-C-Immune-Support-Supplement-11-116-Each-Pack-of-2/212675789?wmlspartner=wlpa&selectedSellerId=101041684&selectedOfferId=019DF0C38F0E42968E20395E6782FDCA&conditionGroupCode=1&sourceid=dsn_gdn_0c92c416-dbd6-42ec-845c-ecf69af2153d&veh=dsn&wmlspartner=dsn_gdn_0c92c416-dbd6-42ec-845c-ecf69af2153d&cn=0042_fy27_mp_mpa_lo_int_dis_pmax-p13n&wl0=&wl1=g&wl2=c&wl3=&wl4=&wl5=9015917&wl6=&wl7=&wl8=&wl9=pla&wl10=274272163&wl11=online&wl12=019DF0C38F0E42968E20395E6782FDCA&gclsrc=aw.ds&gad_source=1&gad_campaignid=23148469844&gbraid=0AAAAADmfBIoDz_262bmUNLwNBA-WQj729&gclid=CjwKCAjw2aPVBhBkEiwA0CpttxySgBTl3wx7vZV-77ZEyGzqxsMSG1rhQgYj1akUdr1owuvD1b5TmhoCoB0QAvD_BwE

a remedy. (See, e.g., *Monaco v. Liberty Life Assur. Co.* (N.D.Cal. Feb. 6, 2007) 2007 WL 420139, at *6 ["a complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law"]; *Burkina Wear, Inc. v. Campagnolo, S.R.L.* (S.D.N.Y. April 9, 2008) 2008 WL 1007634, at *3 ["the availability of the specific relief requested pursuant to any given count of the Complaint is not relevant to the question of whether [plaintiff] has stated a claim"].)

## **CONCLUSION**

For the reasons set forth herein, Plaintiff and the putative class respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety. In the alternative, leave to amend should be granted. Plaintiff's First Amended Complaint adequately pleads her causes of action and remedies therefor, and adjudication on the merits is warranted.

Respectfully submitted,

Dated: September 17, 2026 **LAW OFFICE OF DAVID BALDWIN**

By: /s/ David A. Baldwin
David A. Baldwin

Attorney for Plaintiff
and the Proposed Class

Dated: September 17, 2026 **LAW OFFICE OF LEVI PLESSET**

By: /s/ Levi M. Plesset
Levi M. Plesset

Attorney for Plaintiff
and the Proposed Class

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff Yalinda Robinson certifies that the foregoing brief contains 3,710 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 17, 2026

**LAW OFFICE OF DAVID BALDWIN**

By: /s/ David A. Baldwin
David A. Baldwin

Attorney for Plaintiff
and the Proposed Class