SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
SASCHA HENRY, Cal Bar No. 191914
shenry@sheppardmullin.com
KHIRIN A. BUNKER, Cal Bar No. 329314
kbunker@sheppardmullin.com
350 S. Grand Ave., 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

PAUL W. GARRITY, *Pro Hac Vice Forthcoming*
pgarrity@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: 212.653.8700
Facsimile: 212.653.8701

Attorneys for Defendant
RB HEALTH (US) LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YALINDA ROBINSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RB HEALTH (US) LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:26-cv-04765-AS

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Date: October 8, 2026
Time: 10:00 a.m.
Crtrm: 540
Judge: Hon. Alka Sagar

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 6

II. THE AMENDED COMPLAINT SHOULD BE DISMISSED ..... 7

A. Plaintiff's Opposition Confirms That No Reasonable Consumer Would Share Her Interpretation Of The Product's Packaging. ..... 7

B. Plaintiff Concedes That Her UCL Unlawful Prong Claims Rise and Fall With Her CLRA and FAL Claims, and Fails To Rebut Any of Defendant's Independent Grounds for Dismissal of Her Remaining Predicate Theories. ..... 12

C. Plaintiff Fails To Rebut Defendant's Standing Arguments As To The Unpurchased Products. ..... 14

D. Plaintiff's Opposition Confirms That She Lacks Article III Standing to Pursue Injunctive Relief. ..... 15

E. Leave to Amend Would Be Futile and Should Be Denied. ..... 17

III. CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 15

*Barrales v. New Chapter, Inc.*
No. 2:25-cv-01171-HDV-KES, 2025 U.S. Dist. LEXIS 106396 (C.D. Cal. June 4, 2025) .......... 6, 10, 11, 15

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 13

*Birdsong v. Apple, Inc.*
590 F.3d 955 (9th Cir. 2009) .......... 13

*Bodenburg v. Apple Inc.*
146 F.4th 761 (9th Cir. 2025) .......... 8

*Brady v. Bayer Corp.*
26 Cal. App. 5th 1156 (2018) .......... 10

*Bryan v. Del Monte Foods, Inc.*
No. 23-3685, 2024 U.S. App. LEXIS 29809 (9th Cir. Nov. 22, 2024) .......... 8, 11

*Chapman v. Pier 1 Imports (U.S.), Inc.*
631 F.3d 939 (9th Cir. 2011) .......... 17

*Clemens v. DaimlerChrysler Corp.*
534 F.3d 1017 (9th Cir. 2008) .......... 7, 14

*Cordes v. Boulder Brands USA, Inc.*
No. CV 18-6534 PSG, 2018 U.S. Dist. LEXIS 217534 (C.D. Cal. Oct. 17, 2018) .......... 16

*Davidson v. Kimberly-Clark Corp.*
889 F.3d 956 (9th Cir. 2018) .......... 16

*Ebner v. Fresh, Inc.*
838 F.3d 958 (9th Cir. 2016) .......... 7, 8, 9, 17

*Gamez v. Summit Naturals Inc.*
No. CV 22-05894 DSF, 2022 U.S. Dist. LEXIS 231911 (C.D. Cal. Oct. 24, 2022) .......... 15

*Kenney v. Fruit of the Earth, Inc.*
No. 23-55583, 2024 U.S. App. LEXIS 27083 (9th Cir. Oct. 25, 2024) .......... 16

*Lorentzen v. Kroger Co.*
532 F. Supp. 3d 901 (C.D. Cal. 2021) .......... 14

*McGinity v. The Procter & Gamble Co.*
69 F.4th 1093 (9th Cir. 2023) .......... 6, 8, 11

*McVay v. Kroger Co.*
No. 2:25-cv-06176-SVW-RAO, 2026 U.S. Dist. LEXIS 23559 (C.D. Cal. Feb. 3, 2026) .......... 14, 16

*Moore v. Trader Joe's Co.*
4 F.4th 874 (9th Cir. 2021) .......... 6, 8, 12

*Oh v. Fresh Bellies, Inc.*
No. CV 24-5417 PSG, 2024 U.S. Dist. LEXIS 189574 (C.D. Cal. Oct. 15, 2024) .......... 14

*Rubenstein v. The Gap, Inc.*
14 Cal. App. 5th 870 (2017) .......... 13

*Schneider v. Cal. Dep't of Corr.*
151 F.3d 1194 (9th Cir. 1998) .......... 16

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*
802 F. Supp. 2d 1125 (C.D. Cal. 2011) .......... 9

*Walters v. Vitamin Shoppe Indus.*
701 F. App'x 667 (9th Cir. 2017) .......... 11

*Whiteside v. Kimberly Clark Corp.*
108 F.4th 771 (9th Cir. 2024) .......... 11

*Williams v. Gerber Prods. Co.*
552 F.3d 934 (9th Cir. 2008) .......... 11

*Wilson v. Hewlett-Packard Co.*
668 F.3d 1136 (9th Cir. 2012) .......... 13

**Statutes & Regulations**

Cal. Civ. Code § 1709 .......... 13

Cal. Civ. Code § 1710 .......... 13

Cal. Civ. Code § 1711 .......... 13

Cal. Com. Code § 2313 .......... 13

Cal. Com. Code § 2314 .......... 13

Cal. Health & Safety Code § 110390 .......... 12

## I. INTRODUCTION

Plaintiff attempts to shy away from her allegations, asserting that the Motion addresses a complaint that she "does not make." But Plaintiff's Opposition confirms that her theory of deception rests not on any express representation on the Product's front label, but on the unreasonable combination of two independent, non-adjacent, and indisputably truthful statements – "Vitamin C 1,000 mg" and "64 Chewable Tablets" – from which she attempts to manufacture a per-tablet dosage claim. Whether construed as "64,000 mg of Vitamin C" or "1,000 mg of Vitamin C per tablet", Plaintiff's manufactured statements appear nowhere on the packaging, are directly contradicted by the dosage information stated in three separate locations, and require precisely the type of "fanciful interpretation" warranting dismissal. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 883 (9th Cir. 2021).

Plaintiff's reliance on cases involving entirely different front-label statements does not save her claims. The authority Plaintiff principally cites – *Barrales v. New Chapter, Inc.*, No. 2:25-cv-01171-HDV-KES, 2025 U.S. Dist. LEXIS 106396 (C.D. Cal. June 4, 2025) – involved a product whose front label bore a single, unified statement: the product name "ORGANIC FIBER GUMMIES" immediately underlined with the words "WITH 4 g Prebiotic Fiber," which directly tied the nutrient quantity to a per-unit serving. *Id.* at *14. The advertising at issue here is not comparable. Instead, Plaintiff identifies two wholly independent, non-adjacent statements that do not appear together, are not visually linked, and do not modify one another. Because these statements do not make any "unambiguous" representation regarding the Product's serving size, no reasonable consumer would make the same inference without consulting the full packaging. *See McGinity v. The Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023). The label states three times that the serving size is *four tablets*, foreclosing any such confusion.

Plaintiff's Opposition is equally notable for what it does not address. Plaintiff is silent in response to the fact that the Product's packaging states on multiple panels

that the recommended adult dose is four tablets – and prominently features an image of the four tablets. Mot. at pp. 11-13. She does not address that California's safe harbor bars any claims based on the accuracy of the mandatory net count disclosure. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). She fails to rebut either of Defendant's two independent grounds for dismissal of her predicate warranty theories: the absence of any warranty-creating statement on the Product's packaging, and the lack of vertical privity required to maintain an implied warranty claim under *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008). And she ignores the authorities cited in Defendant's Motion establishing that no threat of future injury exists where, as here, the plaintiff can determine the truth simply by reading the Product's packaging. Each of these uncontested points warrants dismissal of significant portions of the Amended Complaint, and the Court should treat Plaintiff's silence as a concession as to each.

Plaintiff's remaining arguments fare no better. Her UCL unlawful prong claim rests on the same defective predicate theories, as well as deceit and warranty theories that independently fail. She lacks standing to pursue claims against the Unpurchased Products, having offered nothing more than conclusory assertions of similarity. And her request for injunctive relief fails because she is now fully aware of the Product's dosage information and faces no plausible risk of future injury.

For these reasons, the Amended Complaint should be dismissed with prejudice.

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED

### A. Plaintiff's Opposition Confirms That No Reasonable Consumer Would Share Her Interpretation Of The Product's Packaging.

Plaintiff contends that the reasonable consumer analysis presents a "question of fact" that "usually cannot" be resolved on a motion to dismiss. *See* ECF No. 24, Opposition ("Opp.") at p. 4. However, the Ninth Circuit has repeatedly held that dismissal of false advertising claims *on the pleadings* is not only proper but required

"where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising." *Moore*, 4 F.4th at 882 (affirming dismissal under reasonable consumer standard); *see also Bodenburg v. Apple Inc.,* 146 F.4th 761, 769 (9th Cir. 2025) (same); *McGinity*, 69 F.4th at 1099 (same); *Ebner*, 838 F.3d at 965 (same); *Bryan v. Del Monte Foods, Inc.,* No. 23-3685, 2024 U.S. App. LEXIS 29809, at *3 (9th Cir. Nov. 22, 2024) (same). These holdings all support dismissal here.

To survive dismissal, a plaintiff must plausibly allege "more than a mere possibility that [the defendant's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . [r]ather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965. "This is not a negligible burden", and the court is entitled to "take into account all the information available to consumers and the context in which that information is provided and used" in evaluating false advertising claims at the pleadings stage. *Moore*, 4 F.4th at 882.

Here, Plaintiff attempts to flip the reasonable consumer burden on its head, asserting that *Defendant's* reading of the Product's packaging is "not credible" and that no statements on the front of the package "clearly and unambiguously convey a supplement's recommended serving size." Opp. at p. 4. But *the lack of any serving size statement on the front label is precisely the point* – and it is fatal to Plaintiff's claims. Plaintiff's theory of deception does not rest on any express representation. Rather, it requires a reader to make a series of inferential leaps regarding the recommended dosage that no reasonable consumer would make based on unrelated statements on the front label. Specifically, Plaintiff asserts that she was misled into believing that the Product contains a total of "64,000 mg of Vitamin C" (Opp. at p. 1). But there is no such statement anywhere on the packaging. Instead, Plaintiff's reading attempts to take two wholly independent statements – "Vitamin C 1,000

mg" and "64 Chewable Tablets" – which do not appear together, are not adjacent to one another, and do not modify one another, and manufacture from them a representation that each tablet contains 1,000 mg of Vitamin C (i.e., that the dosing size is one tablet). No reasonable consumer would do so and at the same time ignore the three separate statements on the packaging that state otherwise.

Plaintiff's effort to distinguish *Ebner* misses the point. Plaintiff argues that *Ebner* is inapposite because it involved a slack fill claim. Opp. at p. 5:14-16. But Defendant did not cite *Ebner* for its facts. Rather, it cited *Ebner* for the controlling principle that a truthful, accurate disclosure – here, the accurate net quantity of "64 Chewable Tablets" – cannot be rendered misleading merely because some consumers might draw an unwarranted inference from it. 838 F.3d at 965-66.[1]

Here, the Product is a supplement, and the consumer understands that dosing information appears uniformly in the Supplement Facts panel. Plaintiff does not dispute (or even address) that the packaging states – in three separate places – that the recommended adult dose is four tablets. Nor does she dispute that the statements she relies upon – the list of "7 Key Nutrients" (which includes "Vitamin C 1000 mg") and the separate net-quantity disclosure of "64 Chewable Tablets" – are both independently and indisputably true. Instead, Plaintiff asks this Court to hold that two truthful, independent statements should be read as an implied per-tablet dosage claim that appears nowhere on the label and contradicts the Product's own express statements. That is not a plausible reading, especially when reviewing the Product's actual packaging in context.

---

[1] Plaintiff also does not dispute that the net quantity disclosure is accurate, nor does she address Defendant's safe harbor argument (Mot. at p. 17, n.3) that a challenge to the accuracy of this mandatory disclosure is barred as a matter of law. That argument should be treated as waived and the Motion granted on those grounds. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (failure to respond "constitutes waiver or abandonment in regard to the uncontested issue.")




Plaintiff's Opposition leans heavily on a single district court decision – *Barrales v. New Chapter, Inc.*, No. 2:25-cv-01171-HDV-KES, 2025 U.S. Dist. LEXIS 106396 (C.D. Cal. June 4, 2025) – which she describes as "almost identical" to this case. Opp. at pp. 4-6. It is nothing of the sort. In *Barrales*, the name of the product (depicted at right) was "ORGANIC FIBER GUMMIES" followed immediately by the statement "WITH 4 g Prebiotic Fiber." *See id.* at *2 (showing the label). The plaintiff alleged she understood the statement to mean "that each gummy contained four grams of fiber." *Id.*

Applying the reasonable consumer standard, the district court found that "a reasonable consumer could very well read the words 'organic fiber gummies' immediately underlined with the words 'with 4 g[rams] prebiotic fiber' and believe . . . that each gummy contains four grams of fiber." *Id.* at *14. The district court further held that this was "plausibly an unambiguous interpretation of the label based solely on the language used," and that "no back label analysis [was] required" because the front label "conveys a concrete and unambiguous meaning to a reasonable customer." *Id.* at *15. Thus, the entire holding turned on a single, unified statement in which the fiber quantity appeared immediately underneath, and was directly and visually tied to, the word "gummies".

Notably, Plaintiff does not attempt to rely on *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156 (2018) – the case Defendant's Motion anticipated and distinguished. That is because, as Defendant explained, the Product bears no name or statement analogous to "One A Day" that would convey an affirmative single-tablet dosing representation. Plaintiff's silence on *Brady* leaves Defendant's distinction unrebutted and for good reason – *Brady* and *Barrales* are very similar in their holdings because each specifically rested on statements on the front of the products'

packaging that plausibly represented the serving size to be a single unit.

Here, by stark contrast, *there is no statement* on the Product's front label representing that each "tablet[] [contains] 1,000 mg Vitamin C," and no statement pairs a dosage with a per-unit quantity the way the label in *Barrales* did. At best, Plaintiff has alleged ambiguity – not an "unambiguous" promise – as her theory requires combining two independent, non-adjacent statements to construct a representation the label simply does not make. Because the Product's front label does not plausibly convey a "concrete and unambiguous meaning", a reasonable consumer would consider the full context of the packaging before making any assumptions regarding its recommended serving size. *See McGinity*, 69 F.4th at 1099 ("the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label"); *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) ("If the statement were ambiguous, a reasonable consumer would require more information from the back label"); *see also Bryan,* 2024 U.S. App. LEXIS 29809, at *3.

*Walters v. Vitamin Shoppe Indus.,* 701 F. App'x 667 (9th Cir. 2017), which Plaintiff cites in a footnote (Opp at p. 1, n.1), does not hold otherwise. That case simply recites that a consumer does "not have a duty" to validate misleading front label claims by "cross-checking" them with the back label. *Id.* (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008)). But, as the Ninth Circuit has made clear, the holding from *Williams* does not apply where the front label is merely "ambiguous". *See McGinity*, 69 F.4th at 1098; *Whiteside*, 108 F.4th at 778.

As the moving papers demonstrate, that context directly contradicts Plaintiff's alleged inference. Mot. at pp. 18-21. The Product's Supplement Facts panel, the Directions, and the reverse-panel banner each specify that the recommended adult dose *is four tablets* which leaves no room for the interpretation Plaintiff advances.

RJN Ex. 1 at pp. 2-4.[2] In *Moore*, the Ninth Circuit affirmed dismissal of false advertising claims relating to a honey jar label that contained an accurate statement – even over the plaintiff's argument that the label had ambiguities that could mislead a reasonable consumer. The Ninth Circuit concluded that the plaintiff's assumptions were implausible considering the other information on the physical label, and general familiarity with how to read the label as well as about how honey is created. *Moore*, 4 F.4th at 882-883. The same principle applies here with even greater force: the "information available to a consumer" on this Product's own label — three separate dosage statements — does not merely provide "contextual inferences" that might dispel ambiguity, *id.* at 882, it *directly contradicts* the very inference Plaintiff asks this Court to credit.

Accordingly, because the Product's front label does not make any express or unambiguous per-tablet dosage representation, and because the full context of the packaging – including the Supplement Facts panel, Directions, and reverse-panel banner – tells consumers that a dose is four tablets, no reasonable consumer would interpret the Product's labeling in the manner Plaintiff alleges. Plaintiff's claims under the reasonable consumer standard therefore fail as a matter of law and should be dismissed.

### B. Plaintiff Concedes That Her UCL Unlawful Prong Claims Rise and Fall With Her CLRA and FAL Claims, and Fails To Rebut Any of Defendant's Independent Grounds for Dismissal of Her Remaining Predicate Theories.

Plaintiff effectively concedes the dispositive threshold issue that, if the Court finds that her CLRA, FAL, and Health & Safety Code section 110390 theories fail the reasonable consumer standard, her UCL unlawful prong claim predicated on those statutes necessarily fails as well. Opp. at p. 7:8-11; Mot. at pp. 22-23;

---

[2] Plaintiff does not dispute that Exhibit 1 of the RJN includes true and accurate images of the Product's packaging and does not oppose Defendant's request that the court take judicial notice. Accordingly, the Court should take judicial notice.

*Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 880 (2017) (affirming dismissal of UCL unlawful prong claim where plaintiff failed to allege violations of the CLRA and FAL); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.3 (9th Cir. 2009). Because Plaintiff's reasonable consumer theory fails for the reasons set forth above and in Defendant's Motion, the unlawful prong claim must be dismissed to the extent it is predicated on the CLRA, FAL, and Sherman Law. No further analysis is required on these theories.

Plaintiff's remaining predicate theories under California Civil Code sections 1709 through 1711 fare no better. To state a claim for deceit, Plaintiff must plausibly allege fraudulent intent – yet her own allegations foreclose any such inference. The very dosing information Plaintiff claims was concealed, in fact, openly and repeatedly appears on the Product's packaging in three separate locations: the Supplement Facts panel, the Directions, and the reverse-panel banner. Mot. at p. 22, n.4. Rather than confront this fundamental deficiency, Plaintiff merely recycles the same conclusory allegations from her Amended Complaint. Opp. at p. 8:5-17. But bare conclusions, untethered to any factual basis for inferring an intent to deceive – and resting on the same defective theory underlying her reasonable consumer claims – cannot survive a motion to dismiss. *See Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1146-47 (9th Cir. 2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007).

Plaintiff's warranty theories are equally deficient, and her Opposition fails to address – let alone rebut – either of the two independent grounds for dismissal that Defendant's Motion raised. First, to state an express or implied warranty claim under California Commercial Code sections 2313 and 2314, Plaintiff must identify an actual "affirmation of fact or promise" or "description of the goods" that created the alleged warranty. *See* Mot. at p. 22:16-22. Plaintiff identifies no such statement because none exists. As demonstrated above, the Product's packaging nowhere states or implies that a single tablet constitutes the recommended dose or

contains 1,000 mg of Vitamin C. The absence of any warranty-creating statement is alone fatal to these claims.

Second, Plaintiff's implied warranty claim fails for the additional and independently dispositive reason that she has not alleged – and cannot allege – vertical privity with Defendant. Under *Clemens*, an end consumer who purchases from a retailer, as Plaintiff alleges she did (Amended Compl. ¶ 11), is not in privity with the manufacturer and therefore cannot maintain an implied warranty claim. 534 F.3d at 1023. Plaintiff's Opposition is entirely silent on this dispositive defect, effectively conceding the point. The implied warranty theory embedded in her unlawful prong claim should be dismissed on this additional independent basis.

In sum, every theory underlying Plaintiff's UCL unlawful prong claim fails independently. Accordingly, the entirety of Plaintiff's UCL unlawful prong claim should be dismissed with prejudice.

**C. Plaintiff Fails To Rebut Defendant's Standing Arguments As To The Unpurchased Products.**

Plaintiff does not dispute that she has not suffered any cognizable injury traceable to the Unpurchased Products. She cannot do so. Instead, Plaintiff asserts that this district has "adopted the prevailing view" and applies the substantial similarity test when evaluating a plaintiff's Article III standing. Opp. at p. 10. But that is simply not true. As the Motion explained, no Ninth Circuit authority controls on this issue, and courts in the Central District have found that even where products are alleged to be substantially similar, similarity alone "does not explain how [a plaintiff] suffered an injury traceable to the allegedly wrongful conduct" regarding a product she did not buy. *McVay v. Kroger Co.*, No. 2:25-cv-06176-SVW-RAO, 2026 U.S. Dist. LEXIS 23559, at *11 (C.D. Cal. Feb. 3, 2026); *see also Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908 (C.D. Cal. 2021); *Oh v. Fresh Bellies, Inc.*, No. CV 24-5417 PSG (JPRx), 2024 U.S. Dist. LEXIS 189574, at *9 (C.D. Cal. Oct. 15, 2024) (collecting cases); Mot. at 24-25. Thus, contrary to Plaintiff's assertion,

the law is far from settled on this issue. Consistent with these other courts in this district, this Court should find that Plaintiff lacks standing to pursue claims against the Unpurchased Products.

But even if the Court determines that the substantial similarity analysis should be applied in place of a strict application of Article III, Plaintiff has still failed to satisfy that test. Plaintiff invokes *Barrales* for the proposition that products are substantially similar where they are "made up of units advertised to contain a particular amount of a dietary supplement," regardless of differences in the specific nutrient at issue. Opp. at p. 10:3-11 (quoting *Barrales*, 2025 U.S. Dist. LEXIS 106396, at *9). However, in *Barrales*, the plaintiff had provided sufficient allegations to identify the claims appearing on each of the unpurchased products, permitting the court to compare the specific claims across the purchased and unpurchased products and make a determination as to substantial similarity. *See Barrales*, 2025 U.S. Dist. LEXIS 106396, at *9.

Plaintiff has done nothing comparable here. The Amended Complaint contains no images, no label text, and no product-specific allegations for any of the five Unpurchased Products. Plaintiff offers only the bare, conclusory assertions that each "contain[s] a dosage representation conspicuously and prominently placed on the primary display panel" and that the "misleading advertising" is "all the same." Amended Compl. ¶¶ 36-37. Such conclusory allegations, without any factual detail about what statements appear on the products' actual labeling, are not entitled to a presumption of truth and cannot establish substantial similarity. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gamez v. Summit Naturals Inc.*, No. CV 22-05894 DSF (KSx), 2022 U.S. Dist. LEXIS 231911, at *17-18 (C.D. Cal. Oct. 24, 2022).

Plaintiff's claims against the Unpurchased Products should be dismissed.

**D. Plaintiff's Opposition Confirms That She Lacks Article III Standing to Pursue Injunctive Relief.**

Plaintiff does not dispute that she now knows the Product's dosage

information and can readily confirm it by reading the packaging. Instead, she argues that she could be deceived again because: (i) she continues to purchase immune support supplements, (ii) online retailers could display incomplete product images, and (iii) Defendant's labeling has allegedly changed over time. Opp. at pp. 10-12. None of these arguments establishes a plausible risk of repeated injury.

First, Plaintiff's generic assertion that she "continues to be a consumer of immune support supplements" does not establish a "sufficient likelihood" that she will again be deceived by this Product. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Plaintiff is now fully aware that the Product's Supplement Facts panel, Directions, and reverse-panel banner each specify a four-tablet dose. Unlike the plaintiff in *Davidson*, who could not verify a scientific claim without specialized testing, Plaintiff here can determine the Product's proper dosage simply by reading the packaging – the same panels available to her at the time of purchase. Courts routinely find no threat of future injury under these circumstances, and Plaintiff wholly fails to address such authorities cited in Defendant's Motion. *See* Mot. at 25-26; *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCx), 2018 U.S. Dist. LEXIS 217534, at *12-13 (C.D. Cal. Oct. 17, 2018); *McVay*, 2026 U.S. Dist. LEXIS 23559, at *12-13; *see also Kenney v. Fruit of the Earth, Inc.*, No. 23-55583, 2024 U.S. App. LEXIS 27083, at *3 (9th Cir. Oct. 25, 2024).

Second, Plaintiff's assertion that certain "online retailers" display incomplete packaging images is not pled in the Amended Complaint and cannot be raised for the first time in opposition briefing. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The single Walmart.com listing cited by Plaintiff (Opp. at p. 11, n.4) is not properly before the Court and, in any event, has no bearing on whether she might be misled in the same way again.

Third, Plaintiff's suggestion that Defendant's labeling has changed over time, based on an unpled "cursory Google search," is neither properly before the Court nor sufficient to establish standing. Speculation about label changes does not

constitute a plausible allegation that Plaintiff faces a real and immediate threat of repeated injury – especially when Plaintiff does not dispute that the Supplement Facts *must* uniformly appear on all supplement labels. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

Plaintiff's lack of Article III standing to seek injunctive relief remains apparent from the face of her Amended Complaint, and her request should be dismissed under Rule 12(b)(1).[3]

**E. Leave to Amend Would Be Futile and Should Be Denied.**

Plaintiff's Opposition asks, in a single sentence, that "[i]n the alternative, leave to amend should be granted." Opp. at p. 12. The request should be denied because any attempt to amend would be futile. Plaintiff has already amended once and does not, and cannot, allege any additional facts that would transform the two independent, truthful statements on the label into an affirmative representation that each tablet contains 1,000 mg of Vitamin C, or that would erase the three separate and express dosage statements on the Product's own packaging.

Where, as here, the labeling that forms the basis of the claim is fixed and already before the Court, and no reasonable consumer could be deceived by it as a matter of law, no amendment of the pleadings can cure that defect and dismissal with prejudice is warranted. *See Ebner*, 838 F.3d at 968 ("Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile").

[3] Plaintiff's argument that the Motion is "not a proper vehicle" to address her prayer for injunctive relief appears to confuse the standards applicable to Rules 12(b)(6) and 12(b)(1). *See* Opp. at pp. 11-12. Because Plaintiff's allegations do not plausibly allege a threat of future injury on their face, she lacks Article III standing to pursue injunctive relief and her request is properly dismissed under Rule 12(b)(1).

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court: (1) grant Defendant's unopposed request for judicial notice (ECF 21) which demonstrates that any ambiguity on the front label is resolved by the rest of the packaging; and (2) dismiss the Amended Complaint with prejudice.

Dated: September 24, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By */s/ Khirin A. Bunker*
SASCHA HENRY
KHIRIN A. BUNKER

Attorneys for Defendant
RB HEALTH (US) LLC

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant RB Health (US) LLC certifies that the foregoing brief contains 4,003 words which complies with the word limit of Local Rule 11-6.1.

Dated: September 24, 2026

By *\/s/ Khirin A. Bunker*
KHIRIN A. BUNKER